[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant's motion to strike (#101) on the ground that the plaintiff's action is barred by the exclusivity provision of General Statutes § 31-284 (a) is denied.
The common law exception to General Statutes § 31-284
allows "a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself." Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 110,639 A.2d 507 (1994). "The known danger involved must go from being a foreseeable risk which a reasonable man would avoid and become a substantial certainty." (Internal quotation marks omitted.) Id., 109.
In the present case, the plaintiff alleges facts sufficient to establish that the defendant's conduct was substantially certain to result in injury and that defendant knew or should have known it. See Anulis v. Saks Fifth Avenue, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 152860 (Jan. 7, 1997, Lewis, J.) The motion to strike is denied.
D'ANDREA, J. CT Page 9344